IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jane Doe, | ) | C/A No.: 3:25-mc-663-CMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| South Carolina Law Enforcement Division; Florida Department of Law Enforcement; City of N. Augusta; Pinellas County Sheriff; North Augusta Police Department; Largo Police Department; City of Largo; Federal Bureau of Investigation; South Carolina Department of Social Services; Department of Juvenile Justice; Mayor Woody Brown; City Manager John Curp; and Police Chief Mike Loux, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | REPORT AND RECOMMENDATION |
| | ) | |
| Defendants. | ) | |
| | ) | |

The issue in this Report and Recommendation is whether Plaintiff should be allowed to proceed under the pseudonym Jane Doe. All pretrial proceedings in this matter were referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.). For the following reasons, the undersigned recommends the district judge deny Plaintiff's request to proceed under a pseudonym.

I.      Factual Background

Petitioner alleges she was sexually abused as a minor by her stepfather. She states "Despite evidence, no charges were filed against the stepfather. Instead, the [Plaintiff]—the victim—was arrested as a juvenile." [ECF No. 1 at 2 (emphasis omitted)]. She alleges her juvenile record has been "leaked, misused, and weaponized" by law enforcement agencies. *Id.*

Plaintiff argues she should be permitted to proceed under a pseudonym because she is a victim of sexual abuse and of exploitation as a survivor of child rape, incest, and [child sexual abuse material] CSAM creation. *Id.* at 1–2.

It appears from the allegations of the complaint attached to her motion that the sexual abuse Plaintiff alleges occurred in South Carolina in the 1990s. [ECF No. 1-1 at 8]. Plaintiff states she was also arrested at this time, was adjudicated in juvenile court, and placed on probation. Although Plaintiff appears to associate the juvenile charges with the sexual abuse, she never explains the alleged connection or provides any detail at to the facts underlying her criminal charges.

Without providing any timeframes or specific factual allegations, Plaintiff claims that Florida law enforcement authorities conspired with South Carolina agencies to justify her arrest and deny her jobs, safety, and dignity. *Id.* at 10.

Plaintiff also states she was deployed to Iraq, apparently in the early 2000s. *Id.* She states she was sexually assaulted while in the military and alludes to Army Criminal Investigations Division ("CID") charges against her, although she again does not specify the charges. She alleges she had tests revealing many brain injuries and cognitive defects in 2007 and 2008.

Pages 11–14 of Plaintiff's complaint concentrate on allegations against Florida law enforcement agencies and Plaintiff's hardships in obtaining a job. However, the statements are rambling and difficult to follow. She does not provide dates for any of the allegations, but states the "most recent was June 2, 2025 (FBI)." [ECF No. 1-1 at 15]. She alleges the FBI told her she is never allowed to contact them. *Id.* at 12.

II.   Discussion

"There is a 'presumption' that parties must sue and be sued in their own names," and "few cases warrant anonymity." *Doe v. Sidar*, 93 F.4th 241, 246–47 (4th Cir. 2024) (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)). That is because actions brought under a pseudonym "undermine[ ] the public's right of access to judicial proceedings," as the "public has an interest in knowing the names of litigants, and disclosing the parties' identities furthers openness of judicial proceedings." *Id.* at 246–47 (quoting *Doe v. Public Citizen*, 749 F.3d 246, 274 (4th Cir. 2014)). To determine whether a plaintiff may proceed under a pseudonym, district courts in the Fourth

Circuit utilize the *James* factors, *id*. at 247, including:

> whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; . . . whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James*, 6 F.3d at 238.

Plaintiff requests to proceed anonymously because she alleges "she is a survivor of child rape, incest, and CSAM creation," her identity has been weaponized, and she continues to be targeted and surveilled. [ECF No. 1 at 2]. While sexual abuse constitutes a sensitive nature, it appears allegations related to Plaintiff's childhood sexual abuse is extraneous and superfluous to the complaint in this case. For many reasons, the alleged sexual abuse from Plaintiff's childhood is not actionable in this matter. Any cause of action related to her childhood abuse over 25 years ago would likely be barred by the statute of limitations. Additionally, Plaintiff does not have a constitutional right to, or a judicially-cognizable interest in, the criminal prosecution or non-prosecution of another person or entity. *See Leeke v. Timmerman*, 454 U.S. 83, 86–87 (1981). "The benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural

nor in its 'substantive' manifestations." *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 768 (2005).

Although Plaintiff states she fears retaliation and believes public identification would cause "severe emotional harm or physical danger," the allegations of her complaint are insufficient to show how her identification would cause such harm. Plaintiff argues her identity has been "exposed and weaponized" and she has been "targeted, surveilled, and labeled a 'perpetrator' despite being the victim." [ECF No. 1-1 at 2]. To the extent Plaintiff is referring to her criminal history, courts have found a criminal record is an insufficient basis for anonymity. S*ee Doe v. Evident ID Inc.*, 603 F. Supp. 3d 292, 294–95 (S.D.W. Va. 2022) (citing *U.S. Dep't of Just. v. Reps. Comm. for Freedom of the Press*, 489 U.S. 749, 764 (1989)).

Plaintiff sues governmental agencies. However, a review of her complaint appears to show she seeks to bring causes of action pursuant to 42 U.S.C. § 1983 and *Bivens*.[1] which typically require Plaintiff to sue individual persons. Therefore, if Plaintiff's complaint is permitted to proceed, it should be amended to sue specific individuals.

Finally, the court must consider the degree to which a party's use of a

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) established that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits.

pseudonym prejudices the other parties to the litigation. Because Defendants have not yet been served, the court has not heard their arguments as to prejudice. However, this factor appears neutral at this stage in the litigation.

After a review of the factors, the court finds Plaintiff has not met her burden of showing she should be permitted to proceed under a pseudonym.

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Plaintiff's motion to proceed under a pseudonym, motion to seal the case and motion to seal Plaintiff's residential address from the public docket be denied. [ECF Nos. 1 and 2].

IT IS SO RECOMMENDED.

September 15, 2025
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).