IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Jane Doe,<br><br>    Plaintiff,<br><br> vs.<br><br>South Carolina Law Enforcement Division; Florida Department of Law Enforcement; City of N. Augusta; Pinellas County Sheriff; North Augusta Police Department; Largo Police Department; City of Largo; Federal Bureau of Investigation; South Carolina Department of Social Services; Department of Juvenile Justice; Mayor Woody Brown; City Manager John Curp; and Police Chief Mike Loux,,<br><br>    Defendants. | Civil Action No. 3:25-mc-663-CMC<br><br>**ORDER** |

  This matter is before the court on Plaintiff Jane Doe's ("Plaintiff") motions to proceed under pseudonym and motion to seal, and motion to seal residential address. ECF Nos. 1, 2. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings.

  On September 15, 2025, the Magistrate Judge issued a Report and Recommendation ("Report") recommending Plaintiff's motions to proceed under pseudonym and to seal her residential address be denied. ECF No. 7. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if she failed to do so. Plaintiff filed objections. ECF No. 7.

  The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the

court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court is required to review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

The Report analyzed the factors in *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993), and concluded Plaintiff has not met her burden to proceed under pseudonym. ECF No. 7 at 3-6. In her objections, Plaintiff agrees to disclose her name but asks her residential address to be sealed and kept off the docket, and that her medical records be sealed. ECF No. 10. Her objections are filed with her name as Plaintiff. *Id.* at 1. Accordingly, Plaintiff's motion to proceed under pseudonym is moot.

As for Plaintiff's motion to seal her residential address, the court must have an address on file at which the *pro se* party can be contacted. If Plaintiff retains an attorney, the attorney's address will be listed on the docket, not Plaintiff's residential address.[1] Alternatively, Plaintiff may obtain

---

[1] To the extent Plaintiff requests an attorney be appointed to her (see ECF No. 10 at 4), only in very limited circumstances will the court appoint an attorney in a civil case. Plaintiff's request in the instant objections does not meet that threshold.

2

and utilize a P.O. Box for her address to avoid having her residential address appear on the court's docket.  The court will allow Plaintiff 30 days to either retain an attorney or obtain a P.O. Box in order to have an alternate address on the docket. If she fails to do so, she must submit her residential address so the court will have a mailing address at which to contact her. Regarding her medical records, Plaintiff may file a motion to seal pursuant to Local Civil Rule 5.03 if and when she finds it necessary to file medical records. At the pleading stage, descriptions of any medical issues, without actual records, are likely sufficient.

After a review of the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court adopts the Report as supplemented above. Plaintiff's motion to proceed under pseudonym is moot, and her motion to seal address is granted for a period of 30 days to allow her to obtain counsel or a P.O. Box. After expiration of this time period, if Plaintiff has failed to submit alternate address information, her residential address must be utilized on the docket.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie<br>CAMERON MCGOWAN CURRIE<br>Senior United States District Judge

Columbia, South Carolina
October 22, 2025