IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Christina D. Thundathil, | ) | C/A No.: 3:25-13144-CMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| South Carolina Law Enforcement | ) | |
| Division; Florida Department of | ) | |
| Law Enforcement; City of N. | ) | |
| Augusta; Pinellas County Sheriff; | ) | REPORT AND |
| North Augusta Police Department; | ) | RECOMMENDATION |
| Largo Police Department; City of | ) | |
| Largo; Federal Bureau of | ) | |
| Investigation; South Carolina | ) | |
| Department of Social Services; | ) | |
| Department of Juvenile Justice; | ) | |
| Mayor Woody Brown; City | ) | |
| Manager John Curp; and Police | ) | |
| Chief Mike Loux, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Christina D. Thundathil ("Plaintiff"), proceeding pro se, brought this action alleging injustices she has suffered over the past 30 years. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.     Factual and Procedural Background

On September 8, 2025, Plaintiff filed motions to seal this case and

proceed under a pseudonym. [ECF No. 1]. Plaintiff also submitted a motion for leave to proceed in forma pauperis. [ECF No. 3]. On September 15, 2025, the undersigned issued a Report and Recommendation ("R&R") recommending Plaintiff's motion to proceed under a pseudonym and to seal be denied. [ECF No. 7]. On October 6, 2025, Plaintiff filed objections to the R&R and a motion to compel the South Carolina Department of Social Services ("DSS") to produce her "child welfare records." [ECF Nos. 10, 11].

On October 22, 2025, the Honorable Cameron McGowan Currie, Senior United States District Judge, adopted the R&R, but permitted Plaintiff 30 days to obtain counsel or a P.O. Box to keep her address off the public docket. [ECF No. 13]. Plaintiff failed to provide alternate address information, and Judge Currie directed the Clerk of Court to utilize the address provided on the public docket.

On December 15, 2025, the undersigned issued orders (1) directing Plaintiff to submit documents necessary to bring this case into proper form and (2) advising Plaintiff of the deficiencies of her complaint and permitting her until January 5, 2026, to file an amended complaint. [ECF Nos. 23, 24]. Plaintiff has filed no responses. Notably, Plaintiff has neither paid the filing fee nor been granted the right to proceed in forma pauperis, as her original motion was incomplete, as outlined in the court's order at ECF No. 23.

## II.    Analysis

It is well established that a district court has authority to dismiss a case for failure to prosecute. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). In addition to its inherent authority, this court may also sua sponte dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Id.* at 630.

Based on Plaintiff's failure to respond to the court's orders, the undersigned concludes she does not intend to pursue this matter. Accordingly, the undersigned recommends the case be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41.

## III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends this matter be summarily dismissed without further leave to amend.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

January 15, 2026                    Shiva V. Hodges
Columbia, South Carolina            United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).