IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Christina D. Thundathil, | Civil Action No. 3:25-cv-13144-CMC |
| Plaintiff, | |
| vs. | **ORDER** |
| South Carolina Law Enforcement Division; Florida Department of Law Enforcement; City of N. Augusta; Pinellas County Sheriff; North Augusta Police Department; Largo Police Department; City of Largo; Federal Bureau of Investigation; South Carolina Department of Social Services; Department of Juvenile Justice; Mayor Woody Brown; City Manager John Curp; and Police Chief Mike Loux, | |
| Defendants. | |

This matter is before the court on Plaintiff's Complaint, alleging violations of her constitutional rights. ECF No. 1-1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings.

With her Complaint, Plaintiff filed a motion to proceed under pseudonym, a motion to seal residential address, and a motion to proceed in forma pauperis. ECF Nos. 1, 2, 3. The Magistrate Judge entered a Report and Recommendation ("Report") recommending Plaintiff's motion to proceed under pseudonym and motion to seal address be denied. ECF No. 7. Plaintiff filed objections, agreeing to disclose her name but requesting her address and medical records be sealed. ECF No. 10. The court adopted the Report, finding her motion to proceed under pseudonym moot

and allowing Plaintiff 30 days to obtain alternate address information via P.O. Box or a retained attorney. ECF No. 13. Plaintiff was notified if she failed to provide alternative address information, her residential address would be required to appear on the docket. *Id.* at 2-3. Plaintiff failed to do so, and the court directed the Clerk of Court to utilize Plaintiff's provided address on the docket. ECF No. 21.

The Magistrate Judge entered a proper form order and notice regarding deficiencies in Plaintiff's complaint, and allowed her to file an amended complaint to attempt to correct such deficiencies. ECF Nos. 23, 24. Plaintiff failed to do so in the allotted time. Accordingly, on January 15, 2026, the Magistrate Judge issued a Report recommending the case be dismissed without further leave for amendment and for failure to prosecute. ECF No. 28. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if she failed to do so. Plaintiff failed to file objections, and the time in which to do so has expired. However, Plaintiff's copy of the Report was returned as undeliverable, marked "Return to Sender; Vacant; Unable to Forward." ECF Nos. 32, 33, 34. Although Plaintiff was informed she was required to notify the court of any address changes (ECF No. 23 at 3), she failed to submit a change of address.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made

2

by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).  The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After a review of the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error, and agrees the case should be dismissed for failure to prosecute.  Plaintiff has failed to notify the court of her address change, and the court therefore has no way to contact her. In addition, she has not paid the filing fee, been granted the right to proceed in forma pauperis, or submitted documents to bring her case into proper form. Accordingly, the court adopts the Report by reference in this Order.  This matter is dismissed without prejudice.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
February 11, 2026

3